UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 08-61630-CIV-GRAHAM/TORRES

KEITH M. MANDELL, THEODORE PETIT-HOMME,
and STEVEN PATRICK LAUSCH, on their own
behalf and others similarly situated

    Plaintiff,

vs.

JAMES FULFORD and JIMBO's SANDBAR, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs' 12(B)(6) Motion to Dismiss Defendants' Counterclaim and Incorporated Memorandum of Law [D.E. 53]; Defendants' Motion for Summary Judgment and to Dismiss [D.E. 54] and Defendants' Motion for Summary Judgment and to Dismiss [D.E. 61].

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise duly advised in the premises.

### I. BACKGROUND

Plaintiffs Keith M. Mandell ("Mandell"), Theodore Petit-Homme ("Petit-Homme") and Steven Patrick Klausch ("Klausch")(collectively the "Plaintiffs") commenced this action seeking overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended (the "FLSA"). Plaintiffs are all former employees of the Defendants Jimbo's Sandbar, Inc. and James Fulford (collectively the

"Defendants"). Jimbo's Sandbar, Inc. is a restaurant. Plaintiffs Mandell and Klausch each assert Defendants employed them for approximately 105 hours per week, but received no overtime. Plaintiff Petit-Homme asserts Defendants employed him approximately 55 hours per week, but received no overtime. Both Mandell and Klausch also assert they were not paid at all for the last three weeks of their employment.

### Jurisdictional Allegations in The Complaint

In the Complaint, Plaintiffs make the following allegations, all relevant to the jurisdictional requirements of the FLSA:

> ¶7 At all times material to this complaint, the defendant employers had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level which are separately stated, and at least two employees engaged in interstate commerce.
>
> ¶8 By reason of the foregoing, the defendant employers were, during all times material to this action, an enterprise engaged in commerce or in production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. 203(r) and 203(s)).
>
> ¶10 At all times material to this complaint, the plaintiff engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act.

Complaint ¶¶ 7, 8, 10.

### Defendants' Answer

The Defendants filed identical answers denying they failed to pay overtime and asserting that Plaintiffs Mandell and Klausch were exempt employees and that Plaintiff Petit-Homme entered into a

settlement with Defendants barring his claim.[1] Defendants also asserted, but later withdrew, a counterclaim against Plaintiffs Mandell and Klausch. See D.E. 61.

Defendants then moved for summary judgment contesting this Court's jurisdiction. In particular, Defendants assert they did not gross enough annual revenue to be considered an FLSA enterprise. In addition, Defendants claim Plaintiffs Mandell and Klausch are exempt employees and therefore are not entitled to overtime.

## II. STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). That burden is discharged if the moving party shows the Court that there is "an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party has discharged its burden, the nonmoving party must designate specific facts showing that there is a genuine

---

[1] This issue was not raised in the motions for summary judgment.

issue of material fact. Id. at 324. Issues of fact are "genuine" only if a reasonable fact finder considering the evidence presented could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Material facts are those that will affect the outcome of the trial under the substantive law. Id. at 248. In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. Id. at 261 n.2. All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Hayden v. First Natl. Bank of Mt. Pleasant, 595 F.2d 994, 996-97 (5th Cir. 1979).

The court may not weigh the credibility of the parties on summary judgment. Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. Id.; see also McCormick v. Ft. Lauderdale, 333 F.3d 1234, 1240 (11th Cir. 2003) ("Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment."); Moorman v. Unumprovident Corp. 464 F.3d 1260, 1267 n.1 (11th 2006) ("Credibility determinations at summary judgment stage are impermissible.") The Court reviews the motions applying the foregoing principles.

### III. DISCUSSION

#### A. FLSA

The FLSA, 29 U.S.C. § 201, et seq., requires an employer to pay one-and-one half times the regular rate of pay to an employee for all time worked in excess of forty hours in a week, so long as that employee "engaged in commerce or in the production of commerce, or is employed in an enterprise engaged in commence or in the production of goods for commerce." 29 U.S.C. § 207(a).

To establish a claim for overtime compensation under the FLSA, Plaintiffs must show that either the restaurant is an enterpise engaged in commerce or in the production of goods for commerce (enterprise coverage) or that Plaintiffs themselves were engaged in commerce or in the production of goods for commerce (individual coverage. See 29 U.S.C. § 207(a)(1). Plaintiffs assert that both enterprise and individual coverage apply.

#### 1. Enterprise Coverage

Pursuant to the FLSA, an "enterprise engaged in commerce or in the production of goods for commerce" is defined as a business that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C. § 203(s)(1)(a).

In paragraph 8 of the Complaint, Plaintiffs alleged that Defendants were "an enterprise." In their answers, Defendants admitted this allegation, but denied Plaintiffs' allegation that they grossed over $500,000.

In their motions for summary judgment, Defendants assert this Court does not have jurisdiction because their gross revenues are less than $500,000. The only support for this assertion is James Fulford's affidavit. Indeed, Defendants have not submitted tax returns or any other evidence which would clearly establish Defendants' gross sales.[2] Plaintiffs ask this Court to rely on Defendants' admission that it was an enterprise. However, with respect to enterprise coverage, the Court finds Defendants admissions are, at best, inconclusive. By denying it grossed in excess of $500,000, Defendants have created an issue of fact regarding enterprise coverage. Accordingly, the motions for summary judgment on the issue of enterprise coverage are denied.

### 2. Individual Coverage

For individual coverage to apply under the FLSA, an employee must present evidence that he or she was (i) engaged in commerce or (ii) engaged in the production of goods for commerce. See Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1265-66 (11th Cir.

---

[2] The Court notes that it provided Defendants with multiple opportunities to present evidence of gross sales, including a specially set hearing wherein the Court directed Defendants to bring documentation as to gross sales to the hearing. Defendants, however, failed to appear for the hearing.

6

2006). To engage in commerce, the Eleventh Circuit has held that a plaintiff must "directly participat[e] in the actual movement of persons or things in interstate commerce." Id. at 1266. The character of the employee's activities is determinative, not the nature of the employer's business. Overstreet v. N. Shore Corp., 318 U.S. 494, 498 (1943). Further, the "employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist." Dent v. Giaimo, 606 F.Supp.2d 1357, 1360 (S.D. Fla. 2009).

In paragraph 10 of the Complaint, Plaintiffs allege that "plaintiff engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act." In their answers, Defendants admit paragraph 10, and therefore admit to individual FLSA coverage. Although local restaurant employees are not typically engaged in commerce, Defendants admitted Plaintiffs' allegations in the Complaint. This admission cannot now be retracted. See Ferguson v. Neighborhood Housing Services of Cleveland, Inc., 780 F.2d 549, 551 (6th Cir. 1986)(holding that "the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."); Kornexl v. Bailey, 2006 WL 1517143 (M.D.Fla. 2006)(where defendant admitted that plaintiff was a covered employee under the FLSA in its answer, defendant was prohibited at trial to claim there was no coverage).

7

Accordingly, because Defendants have admitted to individual coverage under the FLSA, their motions for summary judgment must be denied.

### 3. Exempt Employees

Defendants also assert that Plaintiffs Mandell and Fulford were executive and/or an administrative employees and therefore exempt from FLSA coverage. 29 U.S.C. § 213(a)(1).

The FLSA exempts from the overtime requirement contained in §207(a) any employees employed in a bona fide "executive" or "administrative" capacity. Id. These exemptions, defined by the Department of Labor's Regulations,[3] are construed narrowly. See Barreto v. Davie Marketplace LLC, 2009 WL 1636023 (11th Cir. 2009). Defendant bears the burden of demonstrating that Plaintiff is exempt. Id; see also Evans v. McClain of Georgia, Inc., 131 F.3d 957, 965 (11th Cir. 1997).

#### a. The Executive Exemption

The Department of Labor regulations provide that an 'employee employed in a bona fide executive capacity' means any employee: (1) compensated on a salary basis at a rate of not less than $455 per week . . .; (2) whose primary duty is management of the enterprise

---

[3] The FLSA explicitly authorized the Department of Labor to issue regulations defining the executive and administrative exemptions to the statute. See 29 U.S.C. § 213(a). The Court must give such regulations "controlling weight" unless they are "arbitrary, capricious, or manifestly contrary to the statute." Chevron U.S.A., Inc. V. Natural Resources Defense Council, Inc, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a).

The parties dispute whether Plaintiffs' primary duties were actually management. The Code of Federal Regulations defines "primary duty" as the "principal, main, major or most important duty that the employee performs" but explains that the "[d]etermination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). The factors to consider in this analysis include: (1) the amount of time spent performing management duties; (2) the relative importance of the management duties as compared with other types of duties; (3) the frequency with which an employee may exercise discretionary powers; (4) the employee's relative freedom from direct supervision; and (5) the relationship between the employee's salary and the wages paid to other employees for the kind of non-management work performed by the employee. Barreto, 2009 WL 1636023. "This analysis requires an examination beyond an

employee's title to the specific duties performed by the employee." Id.

The Court finds that there are material issues of fact regarding Plaintiffs' primary duties. This issue, therefore, is best left for the finder of fact. Accordingly, Defendant's motion for summary judgment on this issue is denied.

### 2. Administrative Exemption

Defendants also argue Plaintiffs are exempt under the administrative exemption of the FLSA. The Department of Labor regulations provide that an "administrative" employee is (1) compensated on a salary or fee basis as a rate of not less than $455 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541,200(a).

As with the executive exemption, the Court finds that there are material issues of fact exist regarding Plaintiffs' primary duties. Accordingly, Defendants' motions for summary judgment on this issue are denied.

### B. Sanctions

On February 3, 2010, this Court held a hearing on Defendants' motions for summary judgment. Defendants' counsel failed to appear

for that hearing and the Court issued an order to show cause. In response, Defendants' counsel filed a tardy response indicating that he did not receive notice of the hearing due to issues with the CM/ECF system. The Court is not convinced that Defendants' counsel's failure to appear was due to excusable neglect. As a result, the Court reserves ruling on this issue until the conclusion of the trial.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' 12(b)(6) Motion to Dismiss Defendants' Counterclaim and Incorporated Memorandum of Law [D.E. 53] is **DENIED as MOOT** as Defendants have withdrawn their counterclaim. It is further

**ORDERED AND ADJUDGED** that Defendants' Motions for Summary Judgment and to Dismiss [D.E. 54 and D.E. 61] are **DENIED**. It is further

**ORDERED AND ADJUDGED** that the trial of this cause is set and placed on the two-week trial calendar beginning March 1, 2010. The call of the calendar will be held **telephonically** at **2:00 p.m.** on February 24, 2010. No counsel shall appear for the calendar call in person. Instead, all counsel shall appear via telephone. **Counsel shall contact the Court by calling the following toll-free number, 1-866-208-6278** at 2:00 P.M. on February 24 (Conference ID # 79790878).

     **DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of February, 2010.

                                                      DONALD L. GRAHAM
                                                      UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Torres
     Counsel of Record